IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:19cr239

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TREVON DARNELL HOPKINS ) | **PRELIMINARY ORDER OF FORFEITURE** |

**THIS MATTER** is before the Court on the United States of America's Motion for Order of Forfeiture. The United States requests, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924, that this Court to enter a Preliminary Order of Forfeiture for the firearms involved in the count of conviction in this case. For good cause shown and based on the preponderance of the evidence, this Court hereby **GRANTS** the Motion, and **FINDS AS FOLLOWS**:

18 U.S.C. § 924(d) authorizes the forfeiture of firearms involved in violations of criminal laws of the United States, and Fed. R. Crim. P. 32.2(b)(1) provide for the preliminary forfeiture, pending petitions by third parties, of seized assets. Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and count(s) of convictions. Fed. R. Crim. P. 32.2(b)(1)(A). In the case of an asset that is intended to facilitate, or is involved in a crime, "nexus" means that there is a substantial connection between the property and the crime. *See United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010) (describing substantial connection test used to determine forfeitability of facilitating property). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P.

32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003).

The Jury returned a verdict on Count One convicting Defendant of possession of a firearm by a felon (Doc. 70). **THE COURT FINDS**, by a preponderance of the evidence based on the trial record, that the firearms seized in this case and listed in the Bill of Indictment (Doc. 1) have a nexus to that count of conviction and are forfeitable under Section 924(d).

It is, therefore **ORDERED**:

1. Based upon Defendant's conviction, the trial evidence, and the Verdict, the United States is authorized to maintain possession of the following property, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

    - **One Glock 22, .40 caliber semi-automatic pistol, serial number 029BPD; and**

    - **One Ruger, Model LCP, .380 caliber semi-automatic pistol, bearing serial number 373-54032,**

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition

shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third parties file petitions within the time provided by law, then this Order shall become final by operation of law.

**SO ORDERED**.

Signed: February 23, 2022

Robert J. Conrad, Jr.
U.S. District Judge