UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-00239-RJC-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| TREVON DARNELL HOPKINS | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a sentence reduction under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2). (Doc. No. 109).

As the movant, the defendant bears the burden of proving his suitability for a § 3582(c)(1)(A) sentence reduction. United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022). Here, the defendant has failed to allege any circumstance as extraordinary and compelling. Additionally, he cannot use a sentence reduction motion to challenge the constitutionality of his 18 U.S.C. § 922(g)(1) conviction. United States. v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022).

The defendant is also not eligible for a sentence reduction under § 3582(c)(2). Part A of Amendment 821 is retroactive and amended USSG §4A1.1 to limit the impact of status points on criminal history category. USSG §1B1.10(d), comment. (n.7). Here, the Court determined the defendant had 18 criminal history points, 2 of which were status points. (Doc. No. 77: Presentence Report (PSR) ¶¶95-97). The Amendment does not lower his applicable guideline range because he remains in Criminal History Category VI with 17 points. (Doc. No. 111: Supplement to PSR at 2). Accordingly, he is not eligible for relief. USSG §1B1.10(a)(2)(B).

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 109), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: February 4, 2025

Robert J. Conrad, Jr.
United States District Judge